IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEROD M. SPENCER,<br><br>            Plaintiff,<br><br>vs.<br><br>KATHY MENDOZA-POWERS, et al.,<br><br>            Defendants.<br>_____ | 1:06-cv-00660-AWI-SMS PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>(Doc. 6) |

Plaintiff Sherod M. Spencer ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed December 15, 2006, the court found that plaintiff's complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days from the date of service of that order. More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the

1

1  Court may be grounds for the imposition by the Court of any and all
2  sanctions . . . within the inherent power of the Court." District
3  courts have the inherent power to control their dockets and "in the
4  exercise of that power, they may impose sanctions including, where
5  appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
6  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
7  with prejudice, based on a party's failure to prosecute an action,
8  failure to obey a court order, or failure to comply with local
9  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
10 1995)(dismissal for noncompliance with local rule); Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
12 failure to comply with an order requiring amendment of complaint);
13 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
14 failure to comply with local rule requiring pro se plaintiffs to
15 keep court apprised of address); Malone v. U.S. Postal Service, 833
16 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
17 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
18 1986)(dismissal for failure to lack of prosecution and failure to
19 comply with local rules).
20      In determining whether to dismiss an action for lack of
21 prosecution, failure to obey a court order, or failure to comply
22 with local rules, the court must consider several factors: (1) the
23 public's interest in expeditious resolution of litigation; (2) the
24 court's need to manage its docket; (3) the risk of prejudice to the
25 defendants; (4) the public policy favoring disposition of cases on
26 their merits; and, (5) the availability of less drastic
27 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
28 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

1 Ghazali, 46 F.3d at 53.

2  In the instant case, the court finds that the public's
3 interest in expeditiously resolving this litigation and the court's
4 interest in managing the docket weigh in favor of dismissal.  The
5 third factor, risk of prejudice to defendants, also weighs in favor
6 of dismissal, since a presumption of injury arises from the
7 occurrence of unreasonable delay in prosecuting an action.
8 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
9 factor -- public policy favoring disposition of cases on their
10 merits -- is greatly outweighed by the factors in favor of
11 dismissal discussed herein.  Finally, a court's warning to a party
12 that his failure to obey the court's order will result in dismissal
13 satisfies the "consideration of alternatives" requirement.  Ferdik
14 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
15 779 F.2d at 1424.  The court's order of December 15, 2006,
16 requiring plaintiff to file an amended complaint, expressly stated:
17 "If plaintiff fails to file an amended complaint in compliance with
18 this order, the court will recommend that this action be dismissed,
19 with prejudice, for failure to state a claim upon which relief may
20 be granted."  Thus, plaintiff had adequate warning that dismissal
21 would result from non-compliance with the court's order.

22  Accordingly, it is HEREBY RECOMMENDED that this action be
23 DISMISSED, with prejudice, for plaintiff's failure to obey the
24 court's order of December 15, 2006, and for the reasons set forth
25 therein, namely, for failure to state a claim upon which relief may
26 be granted.

27  These Findings and Recommendations are submitted to the United
28 States District Judge assigned to the case, pursuant to the

3

provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 2, 2007**              /s/ Sandra M. Snyder
icido3                       UNITED STATES MAGISTRATE JUDGE